Good morning. Our next case is number 19. Before I announce the next case, let me confirm that Judge Nygaard can hear us loudly and clearly. I can indeed. Very well. I will call case number 19-1484 In Re Mercedes Benz Emissions Litigation. Mr. Townsend. Thank you, Your Honor. Good morning. Lucas Townsend for the appellants Mercedes Benz USA, LLC, and Daimler AG. I will refer to them collectively as the Mercedes appellants, and I would like to reserve three minutes for rebuttal. We are here to enforce the Mercedes appellant's right to arbitrate in the face of the plaintiff's evident effort to game the system. For nearly three years, Gwendolyn Andari and Daryl Feller refused to arbitrate their claims in this putative class action. Then after they obtained a favorable arbitration ruling and after this appeal was filed, they dismissed their claims without prejudice in an apparent effort to moot the appeal and to retain the benefit of the arbitration ruling. This appeal is not moot, and if the court disagrees with us on mootness, then all of the authorities make clear that the underlying arbitration ruling must be vacated under the Munsingware Doctrine. We've addressed mootness at some length in the briefing, so I'd like to jump right into arbitration. It seems clear that if your client is a successor or a sign, then you'd have the right to invoke arbitration. I know their argument is that it says you or we, and your client is neither the you nor we. You have to argue, you concede, I assume, that you're stepping into the shoes of the dealer, correct? Okay, and the language of the agreement makes clear that the successors or signs have that right to step into the shoes, but there's no mention of third-party beneficiary. How do we know that the third-party beneficiary can stand in the shoes and invoke the arbitration mechanism the same way that a successor or a sign would? We look to the relevant state law principles, and here the relevant state law is California law and Virginia law. And the cases show that a court will construe the contract as a whole and make a determination about whether there is a desire on the part of the parties to confer third-party beneficiary status on a third party. And the law does not require that the third party... Where is that intent in this language? Well, the reference, the express reference to third parties is a very clear... That reference starts with any resulting transaction or relationship. I assume you agree that the modifier resulting applies to both transaction and relationship, right? That's correct, yes. Including any such relationship with third parties who do not sign this contract, but that would have to be a resulting transaction or a resulting relationship. And that strikes me as resulting has a causal component to it, and it means as a result of this agreement with the dealer. And so that could be an agreement for free oil changes for, you know, five years or whatever Mercedes throws in, or for a financing term. But that's a very different thing than something that's already been exchanged for by the dealer. That's not downstream after-in-time resulting. Well, with respect, Your Honor, there is nothing in... There's no linguistic reason why the resulting relationship must mean subsequent relationship. And that's what the plaintiffs are arguing here. They rely on the Soto decision from the Northern District of California, but that's a rewriting of the contract. Resulting means rising as a consequence of. It can be contemporaneous. A relationship with an intended third-party beneficiary would arise at the time of contract. So is this a resulting transaction, or is this a resulting relationship? It is a resulting relationship. The plaintiffs themselves... It's important to remember, the plaintiffs themselves allege in the first amended complaint that every purchase of every vehicle in the class was a contract with the Mercedes appellate. We aren't bound by that. We aren't bound by that. That's no longer the operative document in this case. It's either the fourth or the fifth, depending on how we view jurisdiction. But... Or maybe it's immaterial for the rest of the case. But at one level, there is a difference, though, between causal chain and then contractual relationship. Causal chain is inherently a tort-based theory, but contract is something different. And so it strikes me that it's one thing to say, yes, there's a causal chain, but causality and privity, causality and third-party beneficiary, those aren't the same concepts. Well, but I think it's important to realize that this is a very broad arbitration clause. And it covers disputes arising from or relating to... Just a sec. Let me just stop you. It's not just disputes. It's disputes between you and us arising out of these third-party relationships. So if this was a third-party relationship, the dispute isn't between the dealer and the plaintiffs. The dispute isn't confined to a dispute between you and us, not you and us. It gives us... It guides us a few more. Our employees, agents, successors, or assigns. That's the end of the dispute that's arbitrable. Everything else is topical limitations on the nature of the dispute. And I don't see how a third-party reference in a relationship is a topical limitation can then be a modifier as well of the nature of the dispute. But the reference to third parties must mean something other than the successors and assigns. It does. It means free oil changes for five years with our preferred oil change vendor. That's what it means. Well, an arbitration provision that covers disputes arising from the purchase or condition of the vehicle would naturally include the manufacturer or distributor of that vehicle. Between you and us. You're right. Or relating to third parties. It doesn't say third parties. The only third parties referenced are our employees, agents, successors, or assigns. Those are the third parties. Your reference to third-party beneficiaries is a topical limitation on the nature of the dispute, not a limitation of entity. Well, right before the words you or us is the reference to the third parties, though. And we think that if you read this arbitration provision in its context, which is a very broad provision that covers disputes arising from or relating to the purchase or condition of the vehicle, including disputes relating to third parties, that naturally includes disputes with the manufacturer and distributor of the new vehicle. What meaning does between you and us have, then? Well, it simply refers to the signatories of the contract. That's fairly common language. So what if Mercedes has a contract with a tire vendor or an airbag vendor or windshield wiper vendor who is the supplier for all Mercedes vehicles at issue in this case? Would any claims that plaintiffs have against any of those entities be subject to arbitration at the option of the other vendor? Well, there may be a question about whether that is the purchase or condition of the vehicle as opposed to a component. Well, a tire is a condition of the vehicle. It could also be construed as a component of the vehicle. You're willing to parse there, but you're willing to take a scalpel to that, but not take a scalpel between you and us. I'm suggesting that that might be the limiting principle that Your Honor is referring to. But in addition to the text of the agreement, the equitable estoppel, the doctrine of equitable estoppel would also apply in this case. If the court doesn't want to decide this on the basis of text, under California law and Virginia law, a dispute that is bounded in and inextricably intertwined with the underlying contractual obligation is subject to the doctrine of equitable estoppel. What did the district court say about whether this is inextricably intertwined under California or Virginia law? It did not reach that question. What did the district court say at all about California or Virginia law relating to third-party beneficiaries? It relied on DuPont, which was not a California or Virginia law. So why should we, as a court of review, adjudicate in the first instance these thorny questions of third-party beneficiary under two state laws that aren't even within the Third Circuit? Isn't that something that the district court should be required to do in the first instance? Well, but the district court decided the question of equitable estoppel at JA 58 and 59. Why shouldn't we remand it, instructing it to evaluate whether, under California and Virginia law, you have third-party beneficiary status under this contract sufficient to invoke the arbitration clause? Well, the parties did argue California and Virginia law to the district court, and the district court decided on the basis of DuPont. I'm not suggesting it was forfeited or waived. What I'm asking is, why shouldn't we get the benefit of that evaluation from a district court, this district court, so we can review it rather than creating that analysis in the first instance? Yes, and it's a fair point. If the court doesn't want to reach this in the first instance, it could send it back to the district court for a reevaluation. Two points there, though, Your Honor. First, the arbitration ruling would have to be vacated before it could go back for the court to reevaluate it. That's the first point. And the second point is, there is still a problem with the delegation clause, because the plaintiffs broadly agreed to delegate any dispute over the scope or interpretation of the arbitration provision to an arbitrator. So the district court would not have any option other than to send it to an arbitrator to decide this instance. For an equitable estoppel argument? For an equitable estoppel argument, yes, Your Honor. And why would an equitable estoppel argument, that's not bound to the text of the arbitration clause. Maybe third party beneficiary is, but equitable estoppel strikes me as something that just a court could decide based on state law, right? Well, a court could decide it, certainly, but it is a question of arbitrability. And arbitrability includes disputes over whether a party who did not sign an arbitration agreement is bound by that agreement. The Supreme Court said that in first options and in housing. So what's the degree of unclarity that's needed for there to be a question of arbitrability? If two parties disagree and one says, oh, I think it means X, another says, I think it means Y, maybe X is a very bogus argument. And it seems to suggest that anyone could just trigger arbitrability of arbitration clauses by putting up any test balloon of any nature and saying, aha, we've got a dispute. That was the issue that the Supreme Court decided in Henry Schein earlier this year. The Fifth Circuit had a doctrine that said if the request for arbitration is wholly groundless, a court decides the question. And the Supreme Court said, no, a court has no power, quote, no power to decide an issue that has been clearly and unmistakably delegated to an arbitrator. But this gateway determination issue, did you present that in the district court? Yeah, I think you've got a forfeiture problem there. Unless you can show us where that was presented. In fact, I didn't see the equitable estoppel presented there either. Well, the district court decided equitable estoppel. I think that's the fundamental point for preserving the argument. With respect to delegation, it is fairly encompassed within the arguments that were presented because it has the same legal standard. It has a delegation provision is merely an additional antecedent agreement to arbitrate that's governed by the FAA, the same as any other provision. The Supreme Court said that in Henry Schein. And it involves the same facts, the same arbitration agreement, the same allegations in the complaint. So we think it's fairly encompassed within the arguments. If the court does believe that there is a forfeiture problem, however, we would ask the court to decide the question. Anyhow, because it is a pure question of law, it will come up again in this case. There are about 50 main plaintiffs in this case, most of whom have these arbitration provisions. I see my time. Well, I suppose if we pursued the remand option, then you'd get a chance to tee it up at that time. We could if the district court saw fit to hear it, I guess. If presented on remand, again, we would urge, though, that the court would have to vacate the judgment so that the district court could consider the question a new remand. OK. Judge Nygaard, Mr. Townsend's initial time is expired. Would you like to question him at this time? I have no questions. Thank you, Judge. OK, thank you. We'll hear then from Mr. Green. Thank you. Good morning. May it please the court. Kevin Green for Appalese. To start with some of the questions, I don't think we should be talking about a remand on any issue here because Mercedes doesn't get two shots at this. They filed a motion to compel arbitration as to these two plaintiffs. And I've read that district court order. I've read Mercedes' brief memorandum, each three pages, many times over. Equitable estoppel was not argued. Gateway was not argued. Third party beneficiary was not argued. And that's in special appendix pages six through eight. Those arguments simply were not made. And the district court addressed third party beneficiary. And that is the only reason it wasn't forfeited. And that it's been addressed. But the district court, correct me if I'm wrong, but as I read the opinion, it relied on its own opinion in the Volkswagen case largely, right? That's part of it, yes. And there's little to no evaluation that I can see in the record on the part of the district court of what Virginia and California law says about whether this first of all, is in fact a third party beneficiary. Secondly, if it is, is it an intended or an incidental third party beneficiary? And finally, if it is a third party beneficiary, what rights, if any, does it possess with respect to this contract specifically related to the arbitration clause? Isn't that all a judicial evaluative process that should have occurred and should occur in the district court before this court starts pronouncing what California and Virginia law requires on those difficult issues? I think that's absolutely right. And it's Mercedes didn't make any of those arguments. It cited no state law in its memorandum. It's very short discussion of arbitration in the district court. It didn't argue this was all under Virginia and California law. The district court was addressing the arguments presented to it. So this, your argument is almost stronger than forfeiture, almost rises to the level of waiver, which is that it's gone. It's gone. There's no chance for Mercedes to ever raise this issue again. And we have to rule on the arbitration clause now. And if we want to reach these issues, then I guess we should do it. But you're really arguing waiver that it should never be addressed by anyone because it wasn't raised before, not forfeiture, which is in the interest of developing an equitable jurisprudence or a coherent jurisprudence for the circuit. We might take up an issue even if it wasn't developed below. So you're really arguing waiver, right? Well, I think of it in the context of waiver is coming from from caroling products of intentional relinquishment of the right. Right. Yeah. Olano. So forfeiture is construed in cases like U.S.B. Joseph Spirius versus commissioner versus. But if it is forfeiture, then we have the option to to consider those issues on appeal. Now, as I read Third Circuit law, I mean, it would effectively bypass the district court's role in addressing these questions in the arguments that are presented to it. It's a little surprising to me that Mercedes would cite only federal authority and then on appeal. What we really have is a different arbitration motion. We've got this gateway argument. Isn't part of the problem that I'm trying to remember which brief it was. I remember the brief that it was only the last two pages of the brief that even dealt with this arbitration issue. Am I remembering that correctly? It just seemed like this arbitration issue that is so important here in this court now seem to be the ultimate ward on the elephants behind. Is that a fair characterization? Were you involved every step of the way here? Is that what happened? Well, I can tell you that at the special appendix, I'm sorry, the supplemental appendix that he submitted, Mercedes memorandum in which this is pages 47 through 50 of a 50 page brief that focuses primarily on other questions. And there are no state law arguments there. I mean, despite. Well, but the district court did recognize that state California, Virginia law apply or that state law applied. Right. There was a reference to that or acknowledgement by the district court. There may have been an acknowledgement to it, but I think the district court is entitled to rely on the arguments of counsel. And there's there was no arguments of here. We have California law and Virginia law cited ad nauseum and none of it was cited in the district court. I mean, you distinctly say that your brief where you say, quote, appellate review is not an opportunity to file what amounts to a new motion to compel arbitration. That's your position, right? Correct. And if you compare the memorandum that Mercedes filed with their brief and I think the most glaring example is this gateway argument, because Mercedes clearly presented this to the district. Yeah, I mean, it really looks like they didn't get the result they wanted. So now they want to make a different argument. I mean, they teed it up to the judge and they didn't like what the judge said. Now they say it should go to the arbitrary. Right. That's your position on that. I'm very comfortable with your saying that your honor is supposed to me. I have a feeling Mr. Towns is not so comfortable. He'll have something to say in rebuttal on that. But but that's just not a forfeiture failure to make the argument, which say could have been an alternative argument below. But it's an inconsistent position. So present it to the district court. So if we reach these issues. So so so I think I've heard you on forfeiture. You don't want remand. You say it's kind of one and done. You don't want to remand to the district court for the district court to review these issues. You say the time has come and gone for that. That's what I'm hearing you say. Well, I'm not familiar with Mercedes may have had a right to appeal here under the FDA. They don't get to appeal twice on the same question. So so I think you're in agreement with my statement. Yes. OK. But but let's say that we take up in discretionary capacity of assuming we have it. The notion of equitable estoppel. What's your position on the state law and the inextricably intertwined nature of the relationship as a basis to allow Mercedes to invoke the arbitration clause? Your Honor, I think your questions hinted at the distinction that we're dealing with a purchase contract to the dealership by a consumer. It's not intertwined with or dependent upon Mercedes obligations under Rico or various state consumer protection laws. It's not dependent upon those. Well, well, one of one of the questions that I had related to the term resulting as resulting, meaning later in time. But there could also be a notion of substance or substance based resulting. New relationships are formed as part of the transaction itself. Does it? Is it? And I mean, why isn't it, as your opposing counsel says, that it's not just these, as I'm imagining, free all changes for five years or something like that, but it's actually the purchase itself. Why isn't that why isn't that a resulting relationship? I don't see how it's resulting as a matter of whether you view it as the stream of commerce or causation, because resulting meaning it stems from. And I mean, this this involves Mercedes manufacturer of the car as manufacturer. I mean, with respect to my opponent, they have no claim for product. I mean, let's just tease this out. They would have no claim for any sort of product defect had they not purchased the car through this agreement. So isn't this a resulting relationship that now links your clients and Mercedes in a way that wasn't a linkage before this transaction took place? I think it's it's the broadest possible construction, not a tenable one, which amounts to a but for relationship that, OK, I bought a car. Therefore, Mercedes can invoke this arbitration clause again as a non-signatory, as a third party beneficiary of some sort. And you can see that Mercedes is a third party beneficiary. No, no, I do not. I said that that's their argument. OK, but that's I mean, that's what they're saying. But that would be the broadest possible interpretation, I think, much more reasonably just in reviewing the cases. I think Mercedes raises the Kramer decision from the Ninth Circuit, which I think is closest to this. And Soto is a district court decision, but it did involve essentially the same arbitration clause, almost the same language and resulting. I mean, with respect to my opponent, I think Mercedes seeks to rewrite the arbitration clause to take resulting out of it so that it's any relationship. And in fact, if you look at Mercedes opening brief at page one, the description of the claims that are arbitrable, the word resulting just is essentially does not appear. It's written out of Mercedes brief. They would have them have it rewritten out of the arbitration clause. So I think it does apply clearly to a transaction that occurs afterwards. And we don't have that here. Now, I've taken a we've taken a fairly strong position on forfeiture, and I don't mean wavering the sense, Judge Fitz, that you mentioned. But forfeiture, just given Mercedes arguments, which did not raise any of the three theories, urge for reversal here, did not argue any state law. And I think it would be respectfully unfair to the district court to send this back for some kind of do over for arguments that Mercedes didn't make. That's what forfeiture is about. I mean, they were supposed to make their arguments then. They had 50 pages in the brief and they they didn't. They decided not to. I mean, that seems to be the double edged sword of Section 16 of the FAA, which gives an immediate appeal. Usually forfeiture gives a party a long, long, long time during the duration of a lawsuit to raise certain arguments. Section 16, 9 U.S.C. 16 lets you go is on a much more prompt basis. But that also suggests that you would have to make those arguments in a much more compact fashion. And so it seems to me that if if we're going to say you get an interlocutory appeal, a consequence of having an immediate appeal of a denial of arbitration is that all arguments have to be made earlier. I think generally speaking, the arguments need to be made, at least as I understand the Joseph decision and how it's been applied, that exacting particularity or exacting specificity is required to preserve arguments. And I mean, those decisions were out there when this was briefed. And I understand that the court has an inclination to reach issues on the merits. But this is one of the stronger cases in the work that I've done for forfeiture. But these arguments simply were not made to the district court. I mean, only third party beneficiary is the only argument that was made and preserved. And I think resulting undercuts that. I mean, just straight out. All right. But once you've agreed, I think, as you have to, that they raise the third party beneficiary argument. And the district court says state law applies. Then that issue is joined in the district court. That issue was joined in the district court. What I'm what I'm wondering is having joined that issue, having recognized that issue, did the district court actually proceed to evaluate it in the way that it was supposed to? Well, I think apart from it was somewhat hobbled by a brief that didn't argue those issues to under Virginia or California law. But I've been putting putting my district judge hat on. I think maybe it would have been within the district judge's purview to say, well, look, do you think state law applies? Yes. Yes. Well, OK. We all agree. State law applies. I don't see much in your brief here on state law. You need to file another brief and tell me because you need to educate me. I'm not going to do this research on my own. Here's the lone trial judge. But when it didn't happen and I think the short of it on third party beneficiary is, is I read the California and Virginia cases. There has to be in clear intent to create a third party beneficiary. That's the point. That's the starting point of both of both state laws. Beyond that, we don't know a ton. It hasn't been presented to us. It hasn't been. We don't we don't know too much other than there has to be a clear intent. Well, there's clear intent and not incidental. And I think we don't have that here. If only because of there's the you and we are you and us. But the resulting language that Mercedes in the case is principally about violation of recon, consumer protection laws could invoke a clause like this. Why did your clients move to voluntary dismiss? Because you don't share it. It's quite confidence. You don't have to. But but but it it takes up a lot of it takes a lot of bandwidth of this appeal. And it seems that you come with arguments that you that are merits based arguments. And then they voluntarily dismissed as parties and they want to be class members still. And then there's a Fifth Amendment complaint where they aren't. I know that's that's not necessarily in our lane, but but can you give some explanation? That's not a client confidence for for why that's in play. Well, as we've stated, it was going to simplify ongoing trial litigation. But there's an additional factor that I want to highlight. And it's in the briefs, but I want to emphasize this. And it looks like close on this. At the time the appeal was taken. Mercedes had a motion for certification under 28 U.S.C. 1292B of a RICO issue. And part of their argument was that because there's an appeal as of right under the FAA, the court should also hear the district court should certify under 1292B this RICO causation issue without getting into it. That was more significant. And so there was some concern about that. I mean, procedural rights have jurisdictional consequences. And there wasn't an attempt to game the system. And I see my time has expired. Judge Nygaard, you have any questions for Mr. Green? I have no questions. Thank you. And if I might just add, if the court is considering a vacatur, if it could just be very specific that it's only J.A. pages 56 through 59 concerning arbitration. OK. Thank you, Mr. Green. Thank you. We'll hear a rebuttal from Mr. Townsend. Thank you, Your Honor. I just want to start out by pointing out that the state law was presented to the district court. It was presented in two ways. Show us where. Docket entry 131. We cited the Boucher case from California and the Chakar case from Virginia in support of. And what is that docket entry exactly? It is our reply in support of the motion, the second motion to compel arbitration. This was the second time also that the court, that the parties. So it wasn't raised in your initial brief. It was raised in your reply brief. We didn't cite those cases in the initial brief, but this was the second. But what caused you did did the response brief bring that up? Is that why you cited it in your reply brief? The I mean, the issue got joined in the district court, albeit a little later than normal. Well, because if it were proceeding as in the normal course, you would have been citing California, Virginia law from the rooftops, showing why you prevail under those state laws. Right. This was not the first time that these cases were cited. They were also cited in the first motion to compel arbitration on the first on the first amended complaint. The district court knew what the scope was of the party's dispute over arbitration. And so we in the second amended complaint, there were many, many more claims. This argument did get smaller in the second amended complaint, but we did renew the arguments under the state law cases. That's the first point I would make on the issue of. OK, then. But what did the district court say? I don't remember the district court even citing Boucher. It did not. It did not. It cited DuPont and went right to its timing chain decision, which was a case about New Jersey law. Is there any basis to say that if you raise an issue in response to one complaint, that it's not forfeited once there's a new complaint? New complaints typically start a new clock for jurisdiction for a bunch of other things. And then that briefing is usually self-contained. Is what what in this instance is the subject of this? Well, I don't have a case that says that, but it is. It explains why the district court understood that the estoppel issue was before it. It decided to stop the estoppel issue. So, so, so my colleague, Judge Hardiman, asked you about the state law questions. And you said, yes, we have those in ECF 131. And then we have a prior motion to dismiss complaint. What about the other issues are in play? What about the gateway issue? Was it was it? Is there some notion that that was presented in response to a motion to dismiss first first original complaint, first amended complaint, anything like that? That was not briefed below, but we believe it is encompassed. It is fairly encompassed within the argument, again, because it's the same standard. It is the same facts. And if the court doesn't, it depends on state law, though, right? And it is determined by state law. The issue will come up again. As I say, there are 50 some named plaintiffs here, all of whom have or many of whom, if not all of them, have arbitration clauses. So these issues will come up again. It would benefit the parties and judicial economy for the court to decide this issue. They'll eventually get resolved. That's what you're telling us. Just in this instance, because they weren't presented in a timely fashion, they won't get resolved in this case. And this case may be potentially an aberration if those other instances would be outcome determinative. Well, it would benefit the parties, though. And the issue is fully briefed here. It's important to note that the issue is fully briefed on the delegation clause. We have recent guidance from the Supreme Court also from after the briefing on this motion to dismiss in the Henry Schein case. It's a pure question of law. The First Circuit in Apollo Computer decided this issue on its own motion without any briefing from the parties whatsoever. We think it's a simple issue for the court to decide in this case on the arbitration issue. If there are no other questions, I'll rest. Judge Nygaard, any questions? I have none. Thank you. Okay. All right. Thank you, Mr. Townsend. Thank you, Your Honor.